UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION


KRISTEN LEA SCHNEIDMILLER,

    Plaintiff,

v.                                                  CASE NO.  8:17-cv-2764-T-02MCR

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.
_____/


**O R D E R**

Before the Court is Plaintiff's "Petition for EAJA Fees Pursuant to 28 U.S.C. § 2312(d)" (Dkt. 20) and the response (Dkt. 21), which states that the Commissioner does not oppose the amount sought. Dkt. 21. For the following reasons, Plaintiff's timely motion for an award of fees, expenses, and costs is due to be granted.

### *Attorney Fees*

*Justification*

The Equal Access to Justice Act ("EAJA") provides that attorney fees, expenses, and costs shall be awarded to the prevailing party. 28 U.S.C. §

2412(d)(1)(A) ("[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party . . . unless [two circumstances exist]".).  To justify an award of fees under the EAJA, the claimant must (1) be a prevailing party in a non-tort suit involving the United States; (2) file a timely application for attorney fees; and (3) possess a net worth of less than $2 million at the time the complaint was filed.  28 U.S.C. § 2412(d)(1)(A) (non-tort cases); § 2412(d)(1)(B) (timeliness); § 2412(d)(2)(B) (net worth).  In addition to the requirements for the claimant, there cannot be any special circumstances that would make the award of fees unjust, and the Commissioner's position must not be "substantially justified."  28 U.S.C. § 2412(d) (1)(A).

Plaintiff, having obtained a "sentence four" reversal of a denial of benefits and remand, is a "prevailing party."  *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993).  In light of the lack of opposition to the fees sought, the Court will not find that the Commissioner's position was substantially justified.  Nor are there special circumstances which would make the award unjust.  Plaintiff's net worth is less than $2,000,000.  Dkt. 20 at 2 ¶ 9.  Thus, an award of her attorneys' fees is appropriate.

*Amount*

The EAJA requires that the amount of attorney fees be "reasonable." 28 U.S.C. § 2412(d)(2)(A). The standard by which to determine the amount is explained in the EAJA as follows:

> The amount of fees awarded . . . shall be based upon prevailing market rates for the kind and quality of the services furnished . . .[and] attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

*Id*.

The motion reflects that Plaintiff's attorneys' rates are $197.50 per hour for work performed in 2017, $201.25 per hour for 2018, and $202.50 per hour for 2019. Dkt. 20 at 17-18.[1] As these rates are higher than the statutory maximum, Plaintiff's attorneys are seeking a cost of living adjustment. The Commissioner does not object to the requested rate. The Court finds these hourly rates

---

[1] The paralegal fee is $12.00 (.2 hours x $60.00), and represents time spent in preparing the fee request. As long as the paralegal services constitute work traditionally performed by an attorney, the fees are recoverable. *Merritt v. Berryhill*, 2017 WL 6547731, at *2 (M.D. Fla. Nov. 22, 2017) (citing *Jean v. Nelson*, 864 F.2d 759, 778 (11th Cir. 1988)), *report and recommendation adopted*, 2017 WL 6512639 (M.D. Fla. Dec. 20, 2017). Time spent preparing the fee request is compensable. *Jean*, 864 F.2d at 778-79.

reasonable and the cost of living adjustment warranted.[2]  The Court also finds reasonable the number of hours, 40.6 hours, spent on the case.  The Court thus finds that $8,128.76 and $12.00 are reasonable amounts for attorney and paralegal fees, respectively.

## *Costs*

The EAJA refers to both "costs" and "expenses."  28 U.S.C. § 2412(a)(1) ("[A] judgment of costs . . ., but not including the fees and expenses of attorneys, may be awarded to the prevailing party . . ."); § 2412(d)(1)(A) ("[A] court shall award to a prevailing party . . . fees and other expenses, in addition to costs . . ."); § 2412(d)(2)(A) ("'[F]ees and other expenses' includes . . .").  Costs and expenses are treated differently in the sense of the source from which are paid.  "[U]nder the EAJA, costs, including fees of the clerk, are reimbursed from the judgment fund administered by the Department of the Treasury, while attorney fees and expenses are paid by the Social Security Administration."  *Walker v. Astrue*, No. 5:07cv275/RS/EMT, 2010 WL 2572519, at *1 (N. D. Fla. June 1, 2010) (citing 28 U.S.C. §§ 1920(1) (costs), 2412(a)(1) (costs listed in § 1920 recoverable under EAJA), 2412(c)(1) (costs paid by Treasury), 2412(d)(4) (fees and other expenses

---

[2] Were these hourly rates contested, the Court's determination regarding the reasonableness of the rate might or might not be different.

paid by agency), and 31 U.S.C. § 1304 (judgment fund of Treasury)), *report and recommendation adopted,* 2010 WL 2572517 (N.D. Fla. June 22, 2010). Although not at issue in this case, the designation of the source of the payment, from either the agency or the Treasury funds, arises frequently. *See, e.g., Barbee v. Berryhill*, 350 F. Supp. 3d 1209 (N.D. Ala. 2018) (discussing and clarifying use of terms "expenses" and "costs" in particular EAJA fee order ).

Section 2412(a)(1) expressly permits the costs enumerated in § 1920 which lists "clerk" fees. 28 U.S.C. § 1920 (1). Thus, the $400 court filing fee is recoverable as a cost to be paid from the judgment fund. *See*, *e.g.*, *Volk v. Astrue*, No. 3:11-cv-533-J-TEM, 2012 WL 5387967, at *1 (M.D. Fla. Nov. 2, 2012) ("[R]eimbursement of the filing fee is clearly allowed."); 28 U.S.C. § 31 U.S.C. § 1304 (costs paid from judgment fund).

The expense of $18.15 is the last item to be considered. Expenses such as postage fees are compensable under the EAJA. *Jean v. Nelson*, 863 F.2d 759 (11th Cir. 1988), *aff'd on other grounds sub nom. Comm'r I.N.S. v. Jean*, 496 U.S. 154 (1990).[3] The Court finds $18.15 reasonable for expenses.

---

[3] *See also Goodman v. Comm'r of Soc. Sec.*, No. 3:17-cv-1127-J-PDB, 2019 WL 1763205, at *8 (M.D. Fla. Apr. 22, 2019); *Merritt*, 2017 WL 6547731, at *2 (Federal Express mailing fees of $38.83); *Duffield v. Colvin*, No. 3:15-cv-1065-J-MCR, 2016 WL 6037306, at *4 (M.D. Fla. Oct. 14, 2016) (Federal Express fees of $37.53); *Byrd v. Astrue*, No. CA 06-634-C, 2010 WL 500437, at *4 (S.D. Ala. Feb. 5, 2010) (PACER charges of $9.60).

Accordingly, it is **ORDERED AND ADJUDGED**:

1) The Motion for EAJA Fees (Dkt. 20) is granted. Plaintiff is awarded attorney and paralegal fees in the total amount of $8,140.76 ($8,128.76 for attorneys and $12.00 for paralegal) and $18.15 as expenses. Plaintiff is awarded $400 for costs. If the United States Department of Treasury determines that Plaintiff does not owe a federal debt, then pursuant to Plaintiff's assignment of EAJA fees, the fees may be paid directly to Plaintiff's counsel.

2) The Clerk of Court shall enter judgment in favor of Plaintiff and against Defendant in the total amount of $8,158.91 for fees and other expenses, and $400.00 for costs.

**DONE AND ORDERED** at Tampa, Florida, on June 3, 2019.

    s/*William F. Jung*
**WILLIAM F. JUNG**
**UNITED STATES DISTRICT JUDGE**

<u>**COPIES FURNISHED TO**</u>:
Counsel of Record